## Machado & Co. *v.* United States

**No. 4867.**—Invoice dated Buenaventura, Colombia, March 15, 1937.
Certified March 22, 1937.
Entered at New York April 1, 1937.
Entry No. 847328.

(Decided April 11, 1940)

*Strauss & Hedges* and *Barnes, Richardson & Colburn* (*Samuel D. Richardson* of counsel) for the plaintiffs.

*Webster J. Oliver*, Assistant Attorney General (*William J. Vitale*, special attorney), for the defendant.

Tilson, Judge: This appeal involves the proper dutiable values of certain Panama hats. The merchandise was entered at certain unit values, which values were raised by the appraiser approximately two or three cents each. The merchandise was exported from Colombia on March 22, 1937, and entered at New York on April 1, 1937.

At the trial of the case, on motion of counsel for appellant, there was admitted in evidence and marked Exhibit 1, an affidavit made by Alejandro Cadavid E. In said affidavit, after stating that he is one of the partners of the exporters, and that he knows of the shipment of Panama hats to the plaintiff herein made on or about the 22nd day of March, 1937, at given prices, deponent further swears that he "has been in the business of selling Panama hats for export to the United States for over 20 years, and definitely and positively states that the above prices at which such hats were invoiced to Machado & Co. represent the actual export prices of such merchandise to the United States at which such and similar Panama hats were freely offered for sale to all customers, in the usual course of trade, and in the usual wholesale quantities, at or about the date of sail invoice."

Deponent further says:

* * * that to his knowledge such hats were not sold for domestic consumption in Colombia nor were they sold to any other countries than the United States at that period at a higher price. That your deponent further says that the main market for the sale of Panama hats to the United States is during the months of November, December and January of each season, and that is the period when the highest prices are obtained. *That after January the demand ceases because of the fact that the hats cannot be processed so that they can be used for the following season, so that the prices for such hats in the latter part of February and during March, which was the period when the shipment above mentioned was made, is necessarily lower because there is not the same demand for such merchandise.* That deponent earnestly states that the price at which he sold this merchandise to Machado & Co., was the price at which he was ready and willing to sell to any importer into the United States at or about that period. Deponent further says that he did sell hats of the same quality for exportation to the United States during the months

of December, 1936 and early January, 1937, at prices higher than those shown on the invoice to Machado & Co.

\*      \*      \*      \*      \*      \*      \*

That from the 11th of January on, deponent tried to sell to the same importer hats at the same price for February shipment, but the American importers would not pay the higher values. [Italics mine.]

Upon the above affidavit being admitted in evidence counsel for the appellant rested, and counsel for the Government moved to dismiss the case for failure to make a *prima facie* case in accordance with the statute. This motion was taken under advisement by the judge hearing the case. Said motion to dismiss is hereby denied.

Through its witness, Charles Krulis, the Government offered, and there was admitted in evidence and marked Collective Exhibit 2, what purports to be a translation of a cablegram sent by Henry Pollak to A. Aristizabal, and also what purports to be a translation of a cablegram sent by A. Aristizabal to Henry Pollak, together with what the witness testified was a copy of a commercial invoice. The first cablegram is dated August 26, 1936, and the so-called translation reads as follows:

We refer samples Launion, to begin, would buy 500 dozen at 3c less than price quoted, same assortment and quality guaranteed equal to samples. If satisfactory, prospect regular business. Will cable credit on receipt your confirmation. Address POLLAKPOL.

HENRY POLLAK INC.

There is nothing in this cablegram that even indicates that the same even referred to hats of any kind, but even it it should be assumed that it did refer to hats or even to Panama hats, the fact that Pollak offered to buy 500 dozen at 3¢ less than price quoted is absolutely meaningless to me since I have no information as to the price quoted. The quoted price might have been more or it might have been much less than the invoice prices in this case. There is nothing in this cablegram that in any way aids me in arriving at a proper value for this merchandise.

The second cablegram is dated August 27, 1936, and the purported translation thereof reads: "We reduce quotation 1¢. Confirm." I am still at a loss to know what the merchandise was upon which the 1-cent reduction was made, and, if I knew what the merchandise was, this cablegram would still be meaningless to me because I have no information as to what was the quotation from which the 1 cent was reduced. There is absolutely nothing in this cablegram which in any way aids me in arriving at the proper value for this merchandise.

The copy of the commercial invoice included as a part of said Collective Exhibit 2 is dated October 8, 1936, which, if it were otherwise of any value, is too remote from the date of exportation of the instant merchandise to be of any value as evidence of the dutiable value of the instant merchandise. This is particularly true in view

of the evidence in this record that after January the demand ceases for Panama hats, that the price decreases, and that the main market is during the months of November, December, and January. There is no evidence that the merchandise represented by the commercial invoice is in any particular such as or similar to the instant merchandise, nor is there any evidence to show that the prices shown on said invoice are the prices actually paid for the merchandise. It is therefore apparent that said Collective Exhibit 2 establishes nothing regarding the value of the instant merchandise.

Collective Exhibit 3 is a set of papers quite similar to said Collective Exhibit 2. The purported translation of the cablegram sent by Henry Pollak to A. Aristizabal on December 3, 1936, is as follows:

We accept 500 doz. Tumacos if 50 cents more than previously, shipment December. We doubt will make profit paying this price, but we wish cooperate with you if you do your part.

It should be stated that this cablegram bears no signature, typewritten or otherwise. The only indication that it was a communication between the parties stated above is to be found at the top of the sheet of paper upon which it is typewritten. There is no information before me as to what the previous quotation was, so the statement "50 cents more than previously" means nothing to me, so far as the value of this merchandise is concerned. The second cablegram simply states "We accept." There is no evidence to show that the prices shown on the so-called commercial invoices were actually paid therefor, in fact witness Krulis could not state that the amount shown on said invoice was actually paid therefor, and Mr. Krulis was the man who purchased this merchandise for Henry Pollak.

Collective Exhibits 4 and 5 are of no more aid to me in arriving at the proper dutiable value of this merchandise than are Collective Exhibits 2 and 3.

Collective Exhibit 6 purports to be a translation of a letter which it might be assumed was written by A. Aristizabal to Henry Pollak, but contains no information bearing upon the value of this merchandise.

Collective Exhibit 7 purports to be a translation of a cablegram to Henry Pollak from A. Aristizabal, dated Feb. 26, 1937, and reads as follows:

Referring your cable to Aguadas, we counter offer 500 dozen same price last sale, shipment as soon as possible during March/April. Confirm to Cali.

What the price of the last sale was, or when it was made, there is no evidence before me, nor is there anything to show what merchandise is referred to in the cablegram. Consequently this purported cablegram serves to establish precisely nothing. Even if I should assume that this cablegram referred to hats and also to Panama hats, there is nothing to show any similarity to the instant merchandise, and

nothing to indicate in the slightest manner what the quotation therefor was.

All the collective exhibits heretofore referred to were admitted in evidence over the strenuous objection of counsel for the appellant by Judge Kincheloe, who heard this case in the absence of the writer of this decision. Since, as heretofore pointed out, these collective exhibits appear to establish nothing, the error, if any, in admitting them in evidence, is harmless, or without injury.

Counsel for the Government also offered in evidence three consular invoices together with three "Summary of Examination and Appraisement," showing the sale of certain Pamana hats by A. Aristizabal & Co. to Henry Pollak, Inc. On proper objection these papers were refused admission in evidence, and I find no error in such a ruling. These papers were marked Collective Exhibits 3–A, 4–A, and 5–A for identification. The dates of the invoices are January 14, 1937, December 30, 1936, and January 28, 1937, all within the period of the height of the season for this merchandise when the prices are the highest. Any difference in the prices shown on these invoices, Collective Exhibits 3–A, 4–A, and 5–A, and the prices shown on the invoices in this case, might well be taken care of by the fact that the prices for such hats in the latter part of February and during March, which was the period when the shipment in this case was made, are necessarily lower because there is not the same demand for such merchandise after the latter part of February.

After a careful consideration of all the evidence before me, including the oral testimony of the witnesses, as well as the documentary evidence, I find from the weight thereof that the proper dutiable export values of the merchandise covered by this appeal are the entered values. Judgment will be rendered accordingly.